# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 14-00415-RGK | | Date | November 26, 2014 |
|---|---|---|---|---|

| Present: The Honorable | R. Gary Klausner, U.S. District Judge |
|---|---|
| Interpreter | N/A |

| Not Present | Not Reported | Alexander Schwab, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (1) Terry Lewis Traylor | N | | X | Craig Harbaugh, DFPD | N | X | |
| (2) Marcus Duane Washington | N | X | | Manuel Araujo, CJA Panel | N | X | |

**Proceedings:**   **(IN CHAMBERS) Minute Order re: Defendant's Motion to Dismiss Count One (DE 45)**

## I.   INTRODUCTION

On July 16, 2014, the United States of America (the "Government") filed an Indictment against Terry Traylor ("Traylor") and Marcus Washington ("Washington") (collectively, "Defendants"), charging them with one count of conspiracy to distribute crack cocaine as well as two counts of distributing the same in violation of 21 U.S.C. §§ 841, 846. On October 22, 2014, Traylor filed the present Motion to Dismiss Count One of the Indictment (the "Motion"). Washington has joined in the Motion.

For the following reasons, the Court **DENIES** Defendants' Motion.

## II.   STATEMENT OF FACTS

Count One of the Indictment charges Defendants with violating 21 U.S.C. § 846 by conspiring and agreeing "to knowingly distribute at least 28 grams of a mixture and substance containing a detectable amount of cocaine base in the form of rock cocaine . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii)." (Indictment 1:21-2:6, ECF No. 1.) Section B of Count One sets forth the object of the conspiracy as follows:

> 1. Defendant WASHINGTON would negotiate the sale of crack cocaine with crack customers.

> 2. Defendant WASHINGTON would contact his supplier, defendant TRAYLOR, and arrange for the crack cocaine transportations to occur.

> 3. Defendant TRAYLOR would meet-up [sic] with defendant WASHINGTON and the customers to complete the transactions.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

      4. Defendant TRAYLOR would distribute the negotiated amount of crack cocaine to the customers.

      5. Defendant TRAYLOR would collect payment for the crack cocaine for the customers.

(*Id.* at 2:7-19.) Section C of Count One alleges that Defendants engaged in the above-described acts and distributed 41.9 grams of crack cocaine to a confidential government informant (the "Informant") on May 4, 2012. (*Id.* at 2:20-3:18.)

## III.   STANDARD OF REVIEW

      "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment," and "must accept the truth of the allegation in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "The indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Id.*

## IV.   DISCUSSION

      Conspiracy to distribute a controlled substance under 21 U.S.C. § 846 has two elements: "(1) an agreement to accomplish an illegal objective; and (2) the intent to commit the underlying offense." *United States v. Reed*, 575 F.3d 900, 923 (9th Cir. 2009). Section 846 does not require proof "of any overt acts in furtherance of the conspiracy." *United States v. Shabani*, 513 U.S. 10, 15 (1994). Instead, "the criminal agreement itself is the *actus reus* . . . ." *Id.* at 16.

      Count One of the Indictment alleges that Defendants agreed to distribute crack cocaine with the intent to do so, and therefore sufficiently states the offense of conspiracy under 21 U.S.C. § 846. While the Indictment did not need to allege overt acts in furtherance of the conspiracy, it did so.

      Defendants argue that the so-called "buyer-seller rule," as articulated (though not so named) in *United States v. Lennick*, 18 F.3d 814 (9th Cir. 1994), and applied in *United States v. Ramirez*, 714 F.3d 1134 (9th Cir. 2013), precludes a finding of a conspiracy upon the facts alleged in Count One. However, those cases are inapposite, as they apply where one person - often the defendant - sells drugs to a buyer, who later re-sells them to other buyers. *Lennick* and *Ramirez* hold that upon such facts, to prove conspiracy, the government must show more than that the seller sold the drugs knowing that the buyer would later sell to others; it must show that the seller "had an agreement with the buyer pursuant to which the buyer would 'further distribute the drugs.'" *See Ramirez*, 714 F.3d at 1140 (quoting *Lennick*, 18 F.3d at 819). Notably, the court in *Ramirez* noted that there was no evidence the seller had any kind of involvement in the buyer's drug sales. 714 F.3d at 1140.

      Here, the Indictment does not allege that Traylor sold drugs to Washington, who then re-sold them to the Informant (or another buyer), and thus a "buyer-seller" arrangement is not present. Instead, the Indictment alleges that Traylor and Washington had an agreement pursuant to which Washington would negotiate a sale with potential buyers and then contact Traylor, who would distribute the drugs and collect payment. Under the alleged facts, the requisite agreement to distribute the drugs is present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**V.**     **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion.

**IT IS SO ORDERED.**

_____ : _____
Initials of Deputy
Clerk      _____